# In the United States Court of Federal Claims

### BID PROTEST

<table>
<tr><td>

TEKSYNAP CORPORATION,

                 Plaintiff,

v.

THE UNITED STATES OF AMERICA,

                Defendant,

     and

CHENEGA AGILE REAL-TIME
SOLUTIONS, LLC,

        Defendant-Intervenor.

</td><td>

No. 23-36C
(Filed: May 8, 2023)

</td></tr>
</table>

Elizabeth N. Jochum, Blank Rome LLP, Washington, DC, for Plaintiff, with whom was David L. Bodner, Blank Rome LLP, Of Counsel.

Domenique Kirchner, Trial Attorney, with whom were Douglas K. Mickle, Assistant Director, Patricia M. McCarthy, Director, and Brian M. Boynton, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, United States Department of Justice, Washington, D.C., for Defendant. Bree Ermentrout, Assistant General Counsel, Acquisition and Intellectual Property Division, Office of the General Counsel, National Geospatial-Intelligence Agency, Of Counsel.

William K. Walker, Walker Reausaw, Washington, DC, for Defendant-Intervenor, with whom was Kenneth A. Martin, Martin Law Firm, McLean, VA, Of Counsel.

### OPINION[*]

**KAPLAN, Chief Judge.**

      On April 10, 2023, following oral argument, the Court issued an order ruling on Plaintiff TekSynap Corporation's ("TekSynap") two motions to supplement the administrative record and

---

[*] This Opinion was originally issued under seal and the parties were given the opportunity to request redactions. See ECF No. 56 at 5. No party notified the Court that they had proposed redactions.

to conduct limited discovery. ECF Nos. 30; 40. It granted TekSynap's first motion in-part as to its request to make the declaration of James Roller a part of the administrative record. It denied the motion in-part as to TekSynap's request to propound interrogatories. ECF No. 54. The Court granted TekSynap's second motion to supplement the administrative record and to conduct limited discovery. Id. In accordance with the Court's order, TekSynap may depose Torie Williams, John Campagna, and John Roller concerning the subjects identified in the order. What follows is an explanation of the basis for the Court's ruling.

## BACKGROUND

### I.    TekSynap's Material Misrepresentation Claim

TekSynap filed this bid protest on January 10, 2023, to challenge the National Geospatial-Intelligence Agency's ("NGA" or "the Agency") September 2022 decision to award Chenega Agile Real-Time Solutions ("CARS") an Enterprise Management Services ("EMS") contract. See Compl. ¶ 25, ECF No. 1. Initially, TekSynap's protest was based entirely on an allegation that the Agency conducted a flawed price realism analysis. Id. at 19–23 (Counts I–III). On February 24, 2023, however, TekSynap filed an amended complaint that added an allegation that CARS made material misrepresentations in its proposal. ¶¶ 78–81, ECF No. 26.

The misrepresentations, according to TekSynap, were contained in a Letter of Commitment signed by CARS President Torie Williams. AR Tab 134.4 at 17374. The Solicitation required offerors to provide resumes and letters of commitment for each of the three proposed "Key Personnel" the Solicitation identified. Id. at 16861. It stated that the letters would "be evaluated to assess the extent of commitment of the individual to perform without reservation the duties and responsibilities specified in the offeror's proposal for the key position." Id. The Solicitation expressed a preference that key personnel "dedicate time 100% to the EMS contract and commit to more than 12 months of performance from contract award." Id.

CARS proposed Mr. Williams to serve in one of the key personnel positions on the EMS contract, as Program Manager. In his Letter of Commitment, Mr. Williams pledged that he would "be available to the NGA EMS program for a minimum of 24 months," and that he would "begin work on the start date of the contract." AR Tab 134.4 at 17380. He further stated that "if CARS is awarded the EMS contract, [he] clearly and affirmatively commit[s] to perform without reservation the duties and responsibilities specified for the Program Manager position," and that he would not "divide [his] time with other contracts throughout the entire period of performance, regardless of contract type of this solicitation, and will dedicate [his] time fully to the EMS contract." Id.

In its amended complaint, TekSynap observes that "[u]nder the Solicitation, evaluation of key personnel was an element of the most important subfactor of the most important factor in the evaluation." Am Comp. ¶ 38 (citing AR Tab 120.1 at 16861). It contends that the resume CARS submitted with its proposal identified Mr. Williams as CARS' "Proposal Manager" rather than its President, and also that the resume did not reflect that he served as President of another Chenega company, NJVC. Id. ¶ 41. According to TekSynap, "[i]n these roles, Mr. Williams has a host of responsibilities that would prevent him from dedicating his 'time fully to the EMS contract' as he committed to do." Id. (citing AR Tab 134.4 at 17380).

In addition, and "more importantly," TekSynap alleges, "on January 20, 2023, just 15 days after the GAO decision denying TekSynap's protest was released, and after TekSynap filed its original complaint, Mr. Williams reached out to James Roller, the EMS program manager for the incumbent contractor, ManTech, to ask if he would serve as CARS' program manager." Id. ¶ 43. TekSynap contends that "[t]he speed with which this outreach occurred—almost immediately after the stay of performance triggered by the GAO protest was lifted—indicates that Mr. Williams had no intention of performing on the EMS contract at all, much less for the 24 months to which he committed." Id. Because the agency relied on the alleged misrepresentations made in Mr. Williams' Letter of Commitment to favorably evaluate CARS' proposal, TekSynap claims, the misrepresentations were material ones, and the Court should either "disqualify CARS from performance of this contract or require the Agency to reevaluate CARS' [proposal] in light of Mr. Williams correct title and inability to perform full-time." Id. ¶ 48.

## II.    The Motions to Supplement the Administrative Record and for Discovery

On March 8, 2023, TekSynap filed its first motion to supplement the administrative record and for limited discovery. See ECF No. 30. It sought to supplement the record with a declaration executed by Mr. Roller. Id. at 10–12 (Ex. A).[1] In the declaration, Mr. Roller states that on January 20, 2023, he received a phone call from Mr. Williams. Id. at 11, ¶ 4. During that phone call, according to Mr. Roller, "Mr. Williams asked if [Mr. Roller] wanted to serve as [CARS'] Program Manager for the EMS [contract]." Id. ¶ 5. Mr. Roller states that he "declined the opportunity." Id.

The Court notes that in addition to moving to supplement the record with Mr. Roller's declaration, TekSynap submitted the declaration of Derwood L. Spencer as an attachment to its amended complaint. ECF No. 26-1. Mr. Spencer is a director employed by TekSynap to support the incumbent on the EMS contract, ManTech. Mr. Spencer states in his declaration that he had a conversation with Mr. Roller on January 20, 2023, during which Mr. Roller told him that Mr. Williams had asked him to serve as Program Manager for CARS on the contract, and that Mr. Roller had declined. Id. at 369, ¶ 5.

In its response to TekSynap's motion for judgment on the administrative record, which TekSynap filed the same day as its first motion to supplement, CARS submitted the affidavits of Mr. Williams and John Campagna. Mr. Campagna is the president of Chenega's Military, Intelligence, and Operations Support Strategic Business Unit, and Mr. Williams' direct supervisor. Campagna Decl. ¶¶ 1–2, ECF No. 34-1.

---

[1] TekSynap also asked that CARS be directed to answer "a limited number of interrogatory questions related to [CARS'] decision to propose Mr. Williams as the dedicated program manager." Id. at 8. At oral argument, counsel for TekSynap stated that—in light of the Court's decision granting the request in TekSynap's second motion to take several depositions—TekSynap was no longer seeking permission to propound interrogatories.

In his declaration, Mr. Williams "categorically den[ies]" ever asking anyone to serve as CARS' Program Manager for the contract, "whether on January 20, 2023 or at any other time." Williams Decl. ¶ 7, ECF No. 38. Mr. Campagna, for his part, states that it had always been his understanding that Mr. Williams was to "resign [from] all other positions within [Chenega] prior to commencement of contract performance," so that he would "devote his full time and attention to serving as the EMS Program Manager." Campagna Decl. ¶ 4. He explained that at the time CARS designated Mr. Williams as the proposed Program Manager, he saw "no need to reassign [Mr. Williams'] positions at . . . and have him sit idly by while waiting for a possible contract award." Id. ¶ 6.[2]

On March 30, 2023, TekSynap filed its second motion to supplement the administrative record and to conduct limited discovery. In that motion, TekSynap requested that the Court permit it to depose Messrs. Roller, Williams, and Campagna. ECF No. 40 at 1. It contended that depositions are appropriate in light of the conflicting accounts of the January 20, 2023, phone call provided by Messrs. Roller and Williams, and to question both Messrs. Williams and Campagna about whether CARS took any steps to transition Mr. Williams away from his other duties during two post-award, pre-protest transition periods.

**DISCUSSION**

The Federal Circuit has made clear that the "focal point" of the Court's review of an agency's procurement decision "should be the administrative record already in existence, not some new record initially made in the reviewing court." Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1379 (Fed. Cir. 2009) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)). "Limiting review to the record actually before the agency" helps courts guard against "using new evidence to 'convert the 'arbitrary and capricious' standard'" applicable to bid protest actions "'into effectively de novo review.'" Id. at 1380 (quoting Murakami v. United States, 46 Fed. Cl. 731, 735 (Fed. Cl. 2000)). Accordingly, a court should not allow supplementation of the administrative record unless "'the omission of extra-record evidence precludes effective judicial review'" of the agency's decision. Id. (quoting Murakami, 46 Fed. Cl. at 735).

The two essential elements of a material misrepresentation claim are a false statement by the awardee and agency reliance on the false statement in its selection decision. See Connected Global Solutions, LLC v. United States, 159 Fed. Cl. 801, 805 (2022); Golden IT, LLC v. United States, 157 Fed. Cl. 680, 688 (2022); NetCentrics Corp. v. United States, 145 Fed. Cl. 158, 169 (2019); Blue & Gold Fleet, LP v. United States, 70 Fed. Cl. 487, 495 (2006). It is unlikely (at best) that an administrative record will ever include the evidence a court would need to determine whether a statement made in a successful proposal was false. Golden IT, LLC, 157 Fed. Cl. at 688.

Here, for example, to prove the first element of its material representation claim, TekSynap must show that at the time CARS submitted its final proposal (July 2022) Torie Williams was in fact not unequivocally committed to serving as Program Manager for the EMS

---

[2] For completeness, in its April 10 order, the Court directed that the declarations of Messrs. Williams, Campagna, and Spencer be added to the administrative record.

program for twenty-four months as stated in his Letter of Commitment. Mr. Roller's assertion that Mr. Williams offered him the job this past January is not sufficient by itself to prove that—at the time CARS submitted its final proposal the preceding July—the pledges contained in Mr. Williams' Letter of Commitment were not genuine ones. But especially given the timing (just a couple weeks after the denial of TekSynap's second GAO protest), offering the Program Manager job to Mr. Roller would call into question the bona fides of the sentiments Mr. Williams expressed and upon which the agency relied.

Moreover, the Court finds it both relevant to TekSynap's motion to supplement and a matter of concern that Mr. Williams has "categorically" denied Mr. Roller's claim that he offered Mr. Roller the Program Manager job during a call on January 20, 2023. There may be an innocent explanation for the conflicting assertions. But given the stark divide between Mr. Roller's assertions and Mr. Williams' categorical denial, the Court agrees that some limited discovery is appropriate to determine whether or how the apparent conflict can be reconciled. It therefore has decided to give TekSynap the opportunity to conduct limited depositions of three witnesses, as set forth in its April 10 order.

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge